**MAYTAG CORPORATION, et al., Plaintiffs,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, et al., Defendants.**

No. 4:08–cv–00291–JEG.

United States District Court, S.D. Iowa, Central Division.

June 22, 2010.

505

Mark A. Casciari, Joshua N. Dalley, Seyfarth Shaw, Douglas A. Darch, Miriam B. Geraghty, Baker & McKenzie LLP, Chicago, IL, for Plaintiffs.

Mark T. Hedberg, Hedberg & Boulton PC, Becky S. Knutson, Gene R. La Suer, Deborah M. Tharnish, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, Joseph W. LaFramboise, Meagan C. LeGear, Karen Sewell, Baker & McKenzie LLP, Christopher M. Rizzo, Seyfarth Shaw, Robert A. Seltzer, Cornfield and Feldman, Chicago, IL, for Defendants.

## CERTIFICATION ORDER

JAMES E. GRITZNER, Judge.

The Court issues this Certification Order, following the Court's June 22, 2010, Order (Clerk's No. 178) granting the motion for class certification brought by Plaintiffs Maytag Corporation (Maytag) and Whirlpool Corporation (Whirlpool) (collectively, the Company), and in compliance with Federal Rule of Civil Procedure 23(c)(1).

## I. Class Definition

The following class is certified under Rule 23(b)(2) and Rule 23(b)(1)(A): The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, AFL–CIO, its Local 997 (collectively, the Union), and all persons who: (1) are or were employee participants, dependents or participants, or spouses of participants in the Maytag employee benefit plans that provided for retiree medical benefits;

(2) who worked at the Newton, Iowa, plants and as to whom the Union had been the participants' collective bargaining representative at the time of and prior to their retirement from Maytag and/or Whirlpool; (3) who retired from Maytag and/or Whirlpool before July 31, 2008, or, in the case of dependents or surviving spouses, who received benefits by virtue of retirees from Maytag and/or Whirlpool on or before July 31, 2008; and (4) who are living and thus affected by Plaintiffs' modification to retiree medical benefits.

## II. Class Claims, Issues, and Defenses

█ The issues to be determined in this declaratory class action are: (1) whether the retiree medical benefits schedule provided for in the July 5, 2004, collective bargaining agreement entered into by the Company and the Union expired on July 31, 2008; (2) whether the Company has the unilateral right to enroll class members in the Whirlpool Corporation Group Benefit Plan; and (3) whether the Company is entitled to costs and attorney's fees.

## III. Class Counsel

█ The Court has found that the Union satisfies the Rule 23(a) requirements to be sued as class representative and that the Union's lawyers, Robert Seltzer (Mr. Seltzer) and Mark Hedberg (Mr. Hedberg), are adequate class counsel under Rule 23(g). *See* June 22, 2010, Order. Accordingly, the Union shall be class representative, and the Court appoints Mr. Seltzer and Mr. Hedberg class counsel in this action.

## IV. Conduct of the Action

Within fourteen (14) days of issuance of this Order, counsel shall submit by letter to the Court suggestions for notice pursuant to Rule 23(d)(1)(B), and not inconsistent with the Court's Order granting class certification.

**IT IS SO ORDERED.**